DILTZ, APPELLANT, *v.* SHERRICK, APPELLEE.

(No. 1111—Decided June 4, 1958.)

*Mr. Charles Daley,* for appellant.
*Messrs. Cable & Cable,* for appellee.

MIDDLETON, P. J.   Plaintiff in his petition filed October 16, 1957, avers that on October 15, 1955, he received certain bodily injuries as a result of the negligence of the defendant; and that, on November 15, 1955, he "executed and delivered to an agent of defendant, what purported to be a full release of all claims, demands, and causes of action on account of such injuries sustained by plaintiff."   The petition further sets forth his claim that the release was executed by plaintiff "totally ignorant and unaware of the existence of the bodily injuries which plaintiff had sustained" and "that said injuries were of such a nature that they were not apparent or known to either party at the time of the execution of the release," and "that said release was executed by plaintiff and delivered to defendant under a mutual mistake of fact as to the existence of plaintiff's injuries."   The plaintiff does not claim that the defendant was guilty of any fraud or misrepresentation or that there was any concealment of fact at the time of the execution of the release.   There is no claim that the defendant knew that plaintiff was ignorant of his injuries, or that the defendant knew of such injuries.   The contrary is claimed, to wit, that both parties were ignorant of such injuries at the time of the execution of the release.   Plaintiff's claim is based solely upon his ignorance of his injuries at the time of the execution of the release and that such ignorance was shared by both parties.

"While equity will relieve against a plain mistake, such a mistake cannot be said to arise in a matter which was considered doubtful and treated accordingly.   Nor can a party, who enters into a contract in conscious ignorance of facts which, he apparently concluded would not influence his action, or induce him to refrain from entering into the contract, be relieved therefrom, on the ground of mutual mistake, when revelation of the true state of facts disappoints his anticipations.   Negligence on part of the complainant, contributing to the mistake, will also prevent the securing of relief; the cases are practically unanimous in holding that mistake which results from failure to exercise that degree of care and diligence which would be exercised by

persons of reasonable prudence under the same circumstances will not be relieved against." 9 American Jurisprudence, 379, Section 34.

It has been said, "One who knows that he is ignorant of the existence of a fact is not mistaken since he has no belief as to the existence or nonexistence of fact."

"If parties to an agreement indicate an intention to be bound irrespective of the existence of certain facts and to take the risk of their nonexistence, the validity of their agreement is not at all dependent upon the existence of such facts. * * *

"* * * The view is taken that if the parties are conscious of their ignorance as to the existence of some facts, the non-existence of such facts is of no consequence. According to this view, to be of consequence, the ignorance as to the fact must be unconscious—that is, there must not be a mental state of conscious want of knowledge as to whether a fact which may or may not exist, does so. This limitation is said to be predicated upon common experience that if people contract under such circumstances, they usually intend to abide by the resolution either way of the known uncertainty and have insisted on, and received, consideration for taking that chance. * * *

"* * * It has been declared that if, in the expression of the intention of one of the parties to an alleged contract, there is error, and that error is unknown to, and unsuspected by, the other party, that which was so expressed by the one party and agreed to by the other is a valid and binding contract, which the party not in error may enforce. In other words, a party to a contract cannot avoid it on the ground that he made a mistake where there has been no misrepresentation, there is no ambiguity in the terms of the contract, and the other contractor has no notice of such mistake and acts in perfect good faith. A unilateral error, it has been said, does not avoid a contract." 12 Amercian Jurisprudence, 623, 624, Sections 132, 133.

In the opinion of this court the averments of the petition do not set forth a cause of action based upon mutual mistake. If the petition can be said to support a claim of legal mistake it is no more than a unilateral mistake and not such a mistake that is shared by the defendant, or that can be held to be mutual.

The demurrer admits the truth of the well-pleaded facts set forth in the petition, and, applying this rule to the issue in this case, we find that the plaintiff's petition does not set forth a valid claim of mutual mistake. We find, therefore, no error in the judgment of the court below in the sustaining of defendant's demurrer.

*Judgment affirmed.*

YOUNGER and GUERNSEY, JJ., concur.